UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA CERVANTEZ CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | No. 1:25-cv-02058-KES-SAB<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>Doc. 2 |

Petitioner Elisa Cervantez Chavez, a civil immigration detainee, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, and a motion for a temporary restraining order, Doc. 2.[1]  She alleges that respondents have forcibly medicated her without diagnosis, consent, or due process, in violation of the substantive and procedural protections of the Fifth Amendment's Due Process Clause, and that the conditions of her confinement are unconstitutionally punitive in violation of the Eighth Amendment.  Doc. 1.  Respondents contend that petitioner may not challenge the conditions of her confinement through this habeas action, and they dispute that petitioner has been forcibly medicated.  Doc. 8.  Petitioner filed a reply. Doc. 9.

---

[1] The petition indicates that petitioner is represented by attorney Robert Cummings, a California attorney, and Gina Herrera, a "law student intern."  Petitioner's filings do not evidence compliance with E.D. Cal. Local Rule 181.  Attorney Cummings shall document compliance with Local Rule 181 in any further filing listing Ms. Herrera.

1

1  For the reasons set forth below, petitioner's motion for a temporary restraining order fails
2  to demonstrate that the Court has jurisdiction over her habeas petition and fails to establish a
3  likelihood of success on the merits.  The motion for a temporary restraining order is denied.  The
4  petition is referred to the assigned magistrate judge for further proceedings and/or other
5  appropriate action, including as to whether the petition should be dismissed for lack of
6  jurisdiction.

7  **I.  LEGAL STANDARD**

8  The standards for issuing a temporary restraining order and a preliminary injunction are
9  "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839
10 n.7 (9th Cir. 2001).  "A preliminary injunction is an extraordinary remedy never awarded as of
11 right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553
12 U.S. 674, 689–90 (2008)).  "A plaintiff seeking a preliminary injunction must establish that he is
13 likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
14 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
15 public interest."  *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of
16 Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12
17 (1982)).  "Likelihood of success on the merits is a threshold inquiry and is the most important
18 factor."  *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting
19 *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)).  "[I]f a plaintiff can only
20 show that there are serious questions going to the merits—a lesser showing than likelihood of
21 success on the merits—then a preliminary injunction may still issue if the balance of hardships
22 tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied."  *Friends of the
23 Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations
24 omitted).

25 **II.  ANALYSIS**

26 Petitioner claims she is being administered HIV medication against her will while in civil
27 immigration detention.  Docs. 1, 2.  She seeks a temporary restraining order "enjoining
28 Respondents from administering HIV medication absent documented diagnosis and informed

1    consent," ordering "Petitioner's immediate release from ICE custody as the only effective means

2    of halting [the] ongoing constitutional violations," and prohibiting her re-detention absent further

3    court order.  Doc. 2 at 5.  Respondents argue that the petition improperly challenges the

4    conditions of her confinement through a petition for writ of habeas corpus, citing to the Ninth

5    Circuit's decision in *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023).  Petitioner does not

6    address *Pinson* in her reply.

7        As the Ninth Circuit has recently explained:

8     *Pinson* [*v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023)] solidified the rule
      that a habeas claim is one challenging the fact of confinement, rather
9     than the conditions of confinement.  In *Pinson*, two inmates sought
      habeas relief, arguing that the conditions of their incarceration during
10    the COVID-19 pandemic violated the Eighth Amendment.  *Pinson*,
      69 F.4th at 1062.  This court rejected claimant Sands's argument that
11    only habeas relief could ameliorate the harm inflicted on him by the
      government's ongoing failure to sufficiently treat his underlying
12    illnesses and protect him from exposure to the coronavirus.  *Id.* at
      1063, 1065–66, 1075.  In so doing, this court affirmed the district
13    court's dismissal of claimant Sands's habeas petition for lack of
      jurisdiction, delineating that "the relevant question is whether, based
14    on the allegations in the petition, release is *legally required*
      irrespective of the relief requested."  *Id.* at 1072, 1076.  In dismissing
15    the petition, this court concluded that claimant Sands appeared to
      challenge only the conditions of his confinement and not the
16    underlying legal basis for that confinement, and therefore his claim
      was "outside the core of habeas."  *Id.* at 1073.
17

18   *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024).

19        In this case, the crux of petitioner's challenge is to the conditions of her confinement:

20   specifically, the alleged forced administration of HIV medication "without documented diagnosis

21   or consent."  She seeks for that medication to stop.  Based on her allegations, that would be a

22   change in the conditions of her confinement.  Petitioner does not challenge "the legality or

23   duration of [her] confinement," *Pinson*, 69 F.4th at 1069 (quoting *Crawford v. Bell*, 599 F.2d 890,

24   891 (9th Cir. 1979)), as required to seek relief through habeas. She does not dispute or even

25   discuss the basis for her civil immigration detention, and she does not establish that release would

26   be "legally required" if she established the allegations in her petition.  *See Pinson*, 69 F.4th at

27   1072.   She fails to show that this court has jurisdiction under 28 U.S.C. § 2241 over the claims

28   that are the basis for her motion.

3

1  Nor has petitioner shown a likelihood of success on the merits of her claim. Petitioner
2 bears the burden of establishing a likelihood of success. *Winter*, 555 U.S. at 20. While a court
3 "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit," *L.*
4 *v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt,* 833 F.2d 196, 197–98
5 (9th Cir. 1987)), the petition in this case is unverified. Petitioner has not submitted a declaration
6 substantiating her allegations, nor has she supported her claim with sufficient factual specificity:
7 for example, the dates and circumstances concerning any allegedly unlawfully administered
8 medication remain unclear. Petitioner's submissions are insufficient to meet the standard for
9 emergency injunctive relief.

10 **III.   CONCLUSION**
11  Accordingly:
12  1.   Petitioner's motion for a temporary restraining order, Doc. 2, is denied.
13  2.   This matter is referred to the assigned magistrate judge for further proceedings
14      and/or other appropriate action, including as to whether the petition should be
15      dismissed for lack of jurisdiction.

18 IT IS SO ORDERED.
19  Dated:   January 13, 2026
                                       UNITED STATES DISTRICT JUDGE

4