# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA CERVANTES CHAVEZ, | Case No. 1:25-cv-02058-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS, DISMISS PETITION FOR WRIT OF HABEAS CORPUS, AND DENY PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| MOISES BECERRA, et al., | |
| Respondents. | |
| | (ECF Nos. 1, 13, 15) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On December 30, 2025, Petitioner filed a petition for writ of habeas corpus and a motion for a temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On January 13, 2026, the assigned district judge denied Petitioner's motion for TRO and referred the matter "to the assigned magistrate judge for further proceedings and/or other appropriate action, including as to whether the petition should be dismissed for lack of jurisdiction." (ECF No. 10 at 4.) On January 14, 2026, the Court issued a briefing schedule. (ECF No. 11.)

On January 14, 2026, Respondents filed a motion to dismiss. (ECF No. 13.) On January 30, 2026, Petitioner filed an opposition to the motion to dismiss and a motion for preliminary

1

injunction. (ECF Nos. 14, 15.) The district judge referred the motion for preliminary injunction to the undersigned. (ECF No. 16.) On February 11, 2026, Respondents filed a response to the motion for preliminary injunction. (ECF No. 18.) To date, no reply has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

In the petition, Petitioner alleges that Respondents have forcibly administered HIV medication without diagnosis, consent, or due process, in violation of the substantive and procedural protections of the Fifth Amendment's Due Process Clause, and that the conditions of her confinement are unconstitutionally punitive in violation of the Eighth Amendment. (ECF No. 1.) In the motion for preliminary injunction, Petitioner alleges that "despite documented psychiatric conditions including anxiety, depression, panic disorder, prior psychotropic medication, and a clinical determination that a psychiatric consult is indicated, Respondents continue to detain her without providing meaningful mental health evaluation or treatment." (ECF No. 15 at 2.) Petitioner contends that the "government may not continue detaining a civil [immigration detainee] while ignoring serious psychiatric needs" and that "[d]etention under these circumstances is punitive, unconstitutional, and incompatible with the Fifth Amendment." (Id. at 5.) Petitioner requests immediate release or alternatively, "an independent psychiatric evaluation and appropriate remedial relief." (Id.)

Respondents move to dismiss the petition because Petitioner's "sole claim relates to medical treatment that she claims she is receiving against her will, and thus is a conditions of confinement claim not cognizable in a petition for writ of habeas corpus" and "her claims are factually incorrect in that she has not been administered HIV medication at all, let alone forcibly administered HIV medication." (ECF No. 13 at 2.) In the response to the motion for preliminary injunction, Respondents note that the "allegations in the motion for preliminary injunction are divergent of both the original petition for writ of habeas corpus (which alleged forcible administration of HIV medication) and of the subject matter for 28 U.S.C. § 2241 habeas petition (where the only claims relate to medical care)." (ECF No. 18 at 1.) Additionally, "[a]s a factual

matter, Respondents offer documentary support that Petitioner was offered and is receiving mental health care," and "Respondents otherwise submit on their previous arguments that these challenges to medical care are not properly raised to the Court in § 2241 review." (ECF No. 18 at 1.)

In denying the motion for TRO, the district judge stated:

As the Ninth Circuit has recently explained:

> *Pinson* [*v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023)] solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement. In *Pinson*, two inmates sought habeas relief, arguing that the conditions of their incarceration during the COVID-19 pandemic violated the Eighth Amendment. *Pinson*, 69 F.4th at 1062. This court rejected claimant Sands's argument that only habeas relief could ameliorate the harm inflicted on him by the government's ongoing failure to sufficiently treat his underlying illnesses and protect him from exposure to the coronavirus. *Id.* at 1063, 1065–66, 1075. In so doing, this court affirmed the district court's dismissal of claimant Sands's habeas petition for lack of jurisdiction, delineating that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* at 1072, 1076. In dismissing the petition, this court concluded that claimant Sands appeared to challenge only the conditions of his confinement and not the underlying legal basis for that confinement, and therefore his claim was "outside the core of habeas." *Id.* at 1073.

*Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024).

> In this case, the crux of petitioner's challenge is to the conditions of her confinement: specifically, the alleged forced administration of HIV medication "without documented diagnosis or consent." She seeks for that medication to stop. Based on her allegations, that would be a change in the conditions of her confinement. Petitioner does not challenge "the legality or duration of [her] confinement," *Pinson*, 69 F.4th at 1069 (quoting *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)), as required to seek relief through habeas. She does not dispute or even discuss the basis for her civil immigration detention, and she does not establish that release would be "legally required" if she established the allegations in her petition. *See Pinson*, 69 F.4th at 1072. She fails to show that this court has jurisdiction under 28 U.S.C. § 2241 over the claims that are the basis for her motion.

(ECF No. 10 at 3.)

A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil

rights action is the proper method to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). See Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

In Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023), two federal prisoners "challenge[d] the dismissals of their habeas corpus petitions in which they asserted that their incarceration during the COVID-19 pandemic violated the Eighth Amendment and sought release from custody." Id. at 1062. Holding that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested," the Ninth Circuit found that "Sands has failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." Id. at 1072, 1075. "Because Sands's claims lie outside the historic core of habeas corpus . . . the district court properly found it lacked jurisdiction to hear Sands's petition." Id. at 1075. Subsequently, the Ninth Circuit has stated that "Pinson solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

In the opposition to the motion to dismiss, Petitioner asserts that Respondents mischaracterize Petitioner's claim as "only a conditions-of-confinement challenge" because "Petitioner challenges the legality of her continued detention itself, not merely the environment in which she is confined." (ECF No. 14 at 2.) "Petitioner does not seek improved conditions she seeks release from detention that has become constitutionally impermissible." (Id.) However, "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." Pinson, 69 F.4th at 1072. Petitioner contends that

"[c]ourts have long recognized that habeas jurisdiction exists where unconstitutional medical neglect renders custody unlawful," (ECF No. 14 at 2), but fails to cite authority supporting such a contention. Despite the fact that Petitioner's motion for TRO was denied based on Pinson, Petitioner fails to address Pinson in the opposition to the motion to dismiss or the motion for preliminary injunction.

In the petition and the motion for preliminary injunction, Petitioner "seeks freedom from detention that [she claims] has become unlawful because the government [allegedly] cannot meet its constitutional obligations" with respect to medical care. (ECF No. 14 at 4.) "Release is the only available remedy—and thus a claim is at the core of habeas—if a successful petition demonstrates that the *detention itself* is without legal authorization," Pinson, 69 F.4th at 1070, but Petitioner does not challenge the underlying legal basis or authority for her immigration detention. Based on the foregoing, and for the reasons set forth in the order denying Petitioner's motion for TRO, the Court recommends finding that Petitioner's claims are not cognizable under 28 U.S.C. § 2241.

**III.**

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 13) be GRANTED;

2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED; and

3. Petitioner's motion for preliminary injunction (ECF No. 15) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate

Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge